Scouten *v.* Bender.

----

## SCOUTEN vs. BENDER.

Where a complainant, or appellant, in a suit in the court of chancery, assigns his interest in the subject matter of the suit, *pendente lite,* either absolutely or conditionally, and obtains a re-assignment thereof before any further proceedings are had in the cause, it is not necessary to bring the temporary assignee before the court by a bill in the nature of a bill of revivor. But in such a case the assignor, who has subsequently been restored to his former rights, may proceed in the same manner as if no such assignment had been made.

THIS was an application, on the part of the defendants, to dismiss an appeal, by the complainant, from a decree of the vice chancellor of the seventh circuit. The decision of the vice chancellor which was appealed from was made previous to the 18th of July, 1844. And the complainant, supposing that the decree had been entered in conformity with that decision, appealed from the decision on the last mentioned day, and gave

the proper appeal bond, and a notice of the appeal. On the same day, and after the appeal, he made an agreement with his soli citors to assign his claim to them, in payment of their costs, and that the appeal should be prosecuted at their risk; but with liberty to the complainant to redeem, at any time before the de- cision of the chancellor upon the appeal, on payment of such costs. Shortly after the appeal was entered it was discovered by the complainant's solicitors that the decree was not in fact entered until the 24th of July. A new appeal bond was there- upon executed and filed, and a new notice of the appeal served on the defendant's solicitor, on the first of August thereafter; for the purpose of preventing any question as to the regularity of the appeal. The complainant subsequently redeemed the sub- ject matter of the suit from the conditional assignment.

*M. T. Reynolds & W. J. Hough*, for appellants.

*A Taber*, for the respondents.

THE CHANCELLOR. The objection to the regularity of the appeal as made on the first of August, 1844, would have been well taken if the assignment of the complainant's judgment and of his interest in the suit had been absolute, so that he had no longer any interest in the subject matter of the appeal. But the right reserved to him, in the assignment, to redeem, the amount of the judgment being several hundred dollars more than the amount of the costs of the assignees, left him a substantial interest in the suit, which authorized him to appeal in his own name. Nor could the defendants, who entered the decree against him subsequent to this conditional assignment object to the form in which the appeal was entered on the first of August.

If the appeal of the 18th of July was not a nullity on the ground that the decree had not then been actually entered in the records of the court, there could have been no doubt as to the regularity thereof in other respects; even if the assignment to the solicitors had been absolute and unconditional. For that appeal was previous to the assignment, as appears on the face of the assignment itself. Whether it would have been necessary

to revive the proceedings on the appeal, in that case, before proceeding to the argument, is a question which cannot now arise. For it appears that the appellant has redeemed from the assignment, so that the whole beneficial interest in the litigation is again in him. And where the complainant, or appellant, assigns his interest *pendente lite*, either absolutely or conditionally, and obtains a reassignment thereof before any further proceedings are had in the cause, it is not necessary to bring the temporary assignee before the court by a bill in the nature of a bill of revivor. But in such a case the assignor who has subsequently been restored to his former rights may proceed in the same manner as if no such assignment had been made.

The motion to dismiss the appeal must be denied with costs.